# EXHIBIT A

**WARREN W. FAULK**
**CAMDEN COUNTY PROSECUTOR**

**GLADYS E. RODRIGUEZ**
First Assistant Prosecutor
**JOSHUA M. OTTENBERG**
Deputy First Assistant Prosecutor
**THOMAS J. GARRITY, JR.**
Chief of Investigators



# Camden County

**OFFICE OF THE PROSECUTOR**

**25 North Fifth Street**
**Camden, New Jersey 08102-1231**
**Tel: (856) 225-8400   Fax: (856) 963-0080**

July 2, 2012

James M. Conley, Esquire
Helmer, Paul, Conley & Kasselman
111 White Horse Pike
Haddon Heights, NJ  08035                     By Fax and Regular Mail

      Re:    State v. Bruce Aristeo
            Complaints W2011-163-0434 and W2011-641-0434

Dear Mr. Conley:

    As I mentioned to you on the telephone, there were 2 harassment complaints that I dismissed in error when I dismissed the indictable Stalking charge against your client. I have enclosed copies of those complaints as I intend to re-file them unless, of course, we can reach a global agreement regarding all pending complaints. To that end, the State will recommend a term of one year of Probation with a psychological evaluation and treatment as recommended on the Violation of Restraining Order charge scheduled for trial on Tuesday, July 10, 2012, and agree not to re-open the Voorhees complaints for harassment from 11/11/11 and 3/28/11.

    I am also in receipt of copies of no less that SIX complaints signed by your client against Ms. Raines in Voorhees Township. Those complaints are S2012 -250, 251, 277, 278, 279 and 282. (copies enclosed). Because your client filed a complaint against the Municipal Judge in Voorhees, those complaints have not had a PC determination and were transferred to Gloucester Township for that purpose. I am told that the PC hearing has been postponed until August. If probable cause is found on those complaints, they will all be referred to the Prosecutor's Office.

    Your client also filed a similar complaint, alleging perjury, in Camden, which I have already reviewed and dismissed. He has also filed complaints against her in Moorestown and in Evesham Township, the latter causing her to be arrested, handcuffed and fingerprinted. His continuous harassment of Ms. Raines in the various Municipal Courts in the South Jersey is crying out for a new charge of Stalking, which as amended some time in 2009, includes the infliction of emotional distress as one of the potential elements. It is indeed unfortunate that New Jersey does not have an "abuse of process" statute, because that is just what your client is doing.

                                      Very truly yours,

                                      LAURIE A. CORSON

Enc.                                   Assistant Prosecutor/Section Chief
                                   Domestic Violence Unit

# EXHIBIT B

WARREN W. FAULK
CAMDEN COUNTY PROSECUTOR

GLADYS E. RODRIGUEZ
First Assistant Prosecutor
JOSHUA M. OTTENBERG
Deputy First Assistant Prosecutor
THOMAS J. GARRITY, JR.
Chief of Investigators



*Camden County*
OFFICE OF THE PROSECUTOR

25 North Fifth Street
Camden, New Jersey 08102-1231
Tel: (856) 225-8400  Fax: (856) 963-0080

July 31, 2012

Honorable Steven M. Petrillo, J.M.C.
Pennsauken Municipal Court
2400 Bethel Avenue
Pennsauken, NJ 08109

> Re:   State of New Jersey v. Jody Raines
>         Complaint No. S2010-000099-0427

Dear Judge Petrillo:

Please be advised that the undersigned Assistant Prosecutor intends to supersede in the prosecution of the above-referenced matter presently scheduled before your Honor on Thursday, August 9, 2012, at 6:00 p.m. In addition, the State requests that your Honor consider this letter in lieu of a more formal Motion to Reconsider the Finding of Probable Cause and to Dismiss the above-referenced complaint on the merits.

The aforementioned criminal complaint is deficient on its face. The complaint alleges that on January 25, 2012, Jody Raines did "commit an act of harassment likely to cause annoyance or alarm, specifically by showing up at a business event likely to be attended by the complainant and calling law enforcement to have complainant removed from said business event based on a temporary restraining order previously filed, in violation of N.J.S. 2C:33-4a…" In other words, Ms. Raines called the police to report what she believed to be a violation of the restraining order she had against the complainant, Bruce Aristeo. It was only because the event was occurring in a place that was open to the public that police were instructed (by me) not to arrest Mr. Aristeo.

As your Honor is undoubtedly aware, the offense of harassment requires the element of a "purpose to harass another." Not only is the "purpose to harass" missing in this case, but none of the other elements of the offense are met in the complaint's allegations. This complaint is one of many filed by Mr. Aristeo against Ms. Raines in various municipal courts in what can only be characterized as a blatant and continued abuse of the legal process.

It is my understanding that on July 26th when this matter was last in court, the Municipal Prosecutor moved to dismiss the complaint after 180 days, or without prejudice for 180 days. When defendant objected to the continued jeopardy that she would face, it appears that the complainant also balked. Frankly, the State's position is that that probable cause was improvidently found at the

Honorable Steven M. Petrillo, J.M.C.
Pennsauken Municipal Court
July 30, 2012                                                                                   Page 2

time the complaint was signed and that this matter should be dismissed on the merits – with prejudice.

In the alternative, the State will move to dismiss the complaint based upon prosecutorial discretion. The State believes that there is insufficient evidence, or more accurately, no evidence to support this prosecution. I will appear on behalf of the State at the next hearing of this matter and address any arguments, if necessary. Until then, I remain,

Respectfully,

LAURIE A. CORSON
Assistant Prosecutor/Section Chief
Domestic Violence Unit.

C:     Honorable Robert T. Zane, III, P.J.M.C.
       James M. Conley, Esquire
       David Luthman, Esquire
       Frieda E. Virnelli, Court Director
       Dina Gattuso, Esquire

# EXHIBIT C

All Municipal Court Actions and VOR actions against Jody Raines are to be dismissed with prejudice including, but not limited to, matters presently pending in Burlington County. Bruce Aristeo will fully cooperate with the Prosecutor's Office with regard to the dismissal of the actions pending against Jody Raines.

The Temporary Restraining Order against Jody Raines shall be dismissed by Mr. Aristeo.

All Municipal Court actions against Bruce Aristeo are to be dismissed with prejudice including, but not limited to, matters presently pending in Burlington County. Ms. Raines will fully cooperate with the Prosecutor's Office with regard to the dismissal of the actions pending against Bruce Aristeo.

Both parties agree to not make any disparaging or derogatory comments about the other or to set about on a campaign to malign the other in such a way as to impair either party's business relationship or to limit the other party's ability to continue doing business in the Philadelphia/South Jersey market.

Neither party shall bear the legal fees of the other party for either the present actions before the Honorable Nan S. Famular, J.S.C. or any of the past or present Municipal Court actions pending or adjudicated.

Moving forward, the Honorable Nan S. Famular, J.S.C. shall preside over any future Court actions arising in the Superior Court, Camden County with regard to either party's breach of the foregoing agreement as to which locations, be they cyber or physical, either party may visit, join or participate with the purpose of conducting business, networking or training.

There shall be an entry of an Indefinite Temporary Restraining Order in lieu of a disposition on the merits.

Defendant may not attend any business and/or networking meeting at a physical location where anticipated attendance is less that 50 people.

This Indefinite TRO can only be dismissed by the Plaintiff.

Δ will not attend any meetings at:
① Garden State Rotary Club
② Camden County Chamber of Commerce
   and its affiliates (anything
   ~~~~~ under its umbrella).

Jody Raines

DINA LATUSC

Bruce
ARISTEO

KRISTA TRANI

**EXHIBIT D**

# Township of
## Evesham

984 Tuckerton Road • Marlton • NJ 08053 • 856-983-2900

Municipal Court
Karen J. Caplan, Judge
Kim Fullerton, Court Administrator
Phone - (856) 983-2929 • Fax - (856) 985-6007

August 23, 2012

James Conley, Esq.
Helmer, Paul, Conley and Kasselman
111 White Horse Pike
Haddon Heights, New Jersey 08035

RE: Bruce Aristeo

Dear Mr. Conley,

This office is in receipt of your correspondence dated August 22, 2012 requesting information
on the above named individual.

As we have stated to your office in three phone conversations, and to Mr. Aristeo when he
appeared here in our office yesterday, there are no pending or disposed complaints issued
against Mr. Aristeo. There is no record of a 'no probable cause' decision. So in other works,
there is not record.

I hope this will satisfy your request.

Very truly yours,

Kim Fullerton, CMCA
Court Administrator



INDEPENDENCE • INTEGRITY • FAIRNESS • QUALITY SERVICE

# EXHIBIT E

CERTIFIED TO BE
"Reasons Set Forth
on Record"        A TRUE COPY

PREPARED BY THE COURT:

| | |
|---|---|
| Plaintiff,<br>JODY RAINES, | : SUPERIOR COURT OF NEW JERSEY<br>: CHANCERY DIVISION-FAMILY PART<br>: CAMDEN COUNTY |
| VS. | : DOCKET NO. FV-04-1476-12 |
| Defendant,<br>BRUCE ARISTEO. | :<br>:<br>:  **CIVIL ACTION**<br>:<br>:        ORDER |

This matter having come before the Court on November 30, 2012 on Motion filed by the Defendant Bruce Aristeo, Pro Se and the Plaintiff, Jody Raines, having filed a Cross Motion, represented by Shari Veisblatt, Esquire and the Court having considered the moving papers and arguments of Mr. Aristeo and counsel and for good cause shown;

IT IS on this   $6^{th}$   day of DECEMBER 2012, ORDERED as follows:

1) The Defendant Bruce Aristeo's Motion to hold the Plaintiff accountable for perjury and criminal coercion is denied. The Court made no findings after the presentation of testimony in the underlying domestic violence Complaint and hearing as to the credibility of either party. There was no evidence presented at trial of any criminal coercion and Mr. Aristeo's submissions to the Court in support of his Motion and his oral argument did not support criminal coercion.

2) The Defendant's Bruce Aristeo's Motion to order the Plaintiff to pay both parties legal fees for past and present actions before this Court is denied. The parties entered into an Agreement, dated August 2, 2012 in which they agreed each of them would be responsible for their own legal fees.

3) The Defendant Bruce Aristeo's Motion to dismiss the indefinite Temporary Restraining Order, dated August 2, 2012 against the Defendant with prejudice

1

is denied. The Court finds that each of the parties entered into a binding arm's length agreement (which set forth certain rights and obligations of each of the parties, one of which was the agreement that an indefinite Temporary Restraining Order would be entered against the Defendant) and were represented by very competent counsel. Their agreement provided that only the Plaintiff could dismiss the indefinite Temporary Restraining Order. Mr. Aristeo presents nothing to the Court as a basis to set aside the indefinite TRO.

4) The Defendant's Motion to expunge all records regarding past and present actions against the Defendant before this Court is denied. The Defendant presented nothing in his certification or his oral argument that supported his request to expunge these records.

5) The Defendant's Motion to have the Court determine the contracts dated April 14, 2011 and August 2, 2012 as "vague, ambiguous and unenforceable" is denied. The Defendant presented no proofs or allegations in his certification or in oral argument in support of the contracts being vague, ambiguous or unenforceable. This Court determines that the contracts were entered into by two consenting adults with the assistance of very competent counsel after having had the opportunity to review the facts of the case and the opportunity to negotiate the terms of the agreements and consult with counsel over a lengthy period of time. The agreements were executed by each of the parties and the Court took testimony as to the voluntariness and consent of the parties, alternatives to the agreement and intent to be bound, satisfaction with counsel services and rights and obligations of each of the parties.

2

6) The Defendant's Motion to have the Court protect the Defendant from further litigation from the Plaintiff is denied. This request is vague and overly broad. The Defendant was not specific in his submission to the Court or his oral argument as to his actual request for relief.

7) The Plaintiff's Cross Motion directing that the Defendant pay counsel fees and costs incurred by her to defend this Motion and file a Cross Motion seeking protection from further frivolous filings is granted in part. The Defendant is ordered to pay counsel fees to the Plaintiff's attorney in the amount of $2,500. The attorney's fees requested were considerably higher, however, the Court has fashioned a remedy based on the frivolous nature of the Motion filed by the Defendant as well as his ability to pay based on his representation to the Court of his current financial situation.

8) The Defendant is ordered the pay the sum of $100 per month beginning January 20, 2013 and $100 thereafter each consecutive month on the 20th until the total sum of $2,500 is satisfied. The payment shall be made directly to Shari Veisblatt, Esquire.

9) The Plaintiff's Cross Motion to bar the Defendant from filing any other Motion or action in Camden County related to the Plaintiff or her business, Webmar.com, LLC, until the Motion, action or Complaint is reviewed and prescreened by the Honorable Nan S. Famular or other Camden County Superior Court Judge to determine whether the Motion or new matter is frivolous or baseless is granted. The Court orders this restriction on the Defendant in order to prevent further frivolous filings. The Defendant has engaged in numerous filings in this and other Courts such that the Plaintiff

3

Jody Raines has been forced to incur significant legal fees in defense of the actions filed against her. The instant Motion by Mr. Aristeo is baseless and frivolous.

10) As such, any pleadings submitted by Mr. Aristeo shall be directed to the Honorable Nan S. Famular who will prescreen the proposed filing and issue an Order as to whether the filing is to be accepted by the Court. At that time, if the filing is accepted, Mr. Aristeo will be directed to follow all appropriate Court Rules with regard to service and progress of the matter through the judicial system. This directive applies to matters filed in the Family Part.

11) The Plaintiff's Cross Motion to find that the Defendant is in breach of the August 2, 2012 agreement and indefinite TRO by posting a video about the Plaintiff on YouTube is granted. This Court finds that the videos posted on YouTube entitled "Day of Reckoning" and various videos under the heading "Band-Aid Justice" all were in breach of the August 2, 2012 agreement and indefinite TRO in that they contained disparaging remarks about the Plaintiff Jody Raines. Particularly, in one of the Band-Aid Justice videos, the Defendant Bruce Aristeo refers to Ms. Raines, although not by name, but admitted by Mr. Aristeo, as a sociopath.

12) The Court directs that the Defendant remove from YouTube the videos that he has posted under these headings.

13) The Defendant is prohibited against posting any future videos on any public media sites which refer to the Plaintiff either directly or indirectly. The Defendant is not prohibited from posting any concerns or opinions he may have regarding his experience with the legal system but may not refer to Ms.

4

Raines directly or indirectly. Mr. Aristeo's belief that by not mentioning Ms. Raines' name, he did not violate the agreement of August 2, 2012 or the indefinite Restraining Order is incorrect. The spirit of the agreement is clear and his veiled attempt to circumvent the terms of the agreement and the indefinite Temporary Restraining Order has failed. This Court must, based on the inability of Mr. Aristeo to understand the restrictions that are placed upon him, (in the two agreements and indefinite TRO), direct that he not post any reference to Ms. Raines, directly or indirectly, that is disparaging in nature.

14) When filing papers with this Court, neither party is to reference the social security number of the other.

NAN S. FAMULAR, J.S.C.

5

CERTIFIED TO BE
A TRUE COPY

PREPARED BY THE COURT:

|  |  |
|---|---|
| | : SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | : CHANCERY DIVISION-FAMILY PART |
| JODY RAINES, | : CAMDEN COUNTY |
| | : |
| VS. | : DOCKET NO. FV-04-1476-12 |
| | : |
| Defendant, | : |
| BRUCE ARISTEO. | : |
| | :          **CIVIL ACTION** |
| | : |
| | :   ORDER ON MOTION TO VACATE |
| | :   PRIOR ORDER, TO VOID AGREEMENTS |
| | :   AND HAVE JUDGE RECUSE |

This matter having come before the Court on February 22, 2013 on Motion to

Vacate/Void Order and Agreements and to Disqualify/Recuse Judge Famular and for

Sanctions and other Relief filed by the Defendant Bruce Aristeo, Pro Se and the Plaintiff,

Jody Raines, having not filed a reply, represented by Shari Veisblatt, Esquire and for

good cause shown:

IT IS on this _____ day of FEBRUARY, 2013 ORDERED as follows:

1)    The Defendant Bruce Aristeo's Motion to vacate or void the Order of the Court

dated December 6th, 2012, the August 2, 2012 Agreement and the April 19, 2011

Agreement is denied.  Defendant has supplied nothing to the Court to support his

request.

2)    The portion of the Motion for Judge Famular to recuse herself is dismissed as

being rendered moot.

3)    Mr. Aristeo filed a Motion for Reconsideration of the December 6th, 2012 Order.

That Order requested that the Court set aside the Agreement between the parties

dated August 2, 2012 as well as the indefinite Temporary Restraining Order

1

which the parties agreed should be entered. These issues were ruled upon by this Court on December 6, 2012 and reconsidered by the Court on February 22, 2013.

4) Additionally, the Motion for the Judge to recuse was presented to the Court on February 22, 2013, the return date of the Motion for Reconsideration.

The Court gave Mr. Aristeo an option of either withdrawing his Motion for Reconsideration to allow the Motion for Recusal to be heard or to proceed with the Motion for Reconsideration on February 22, 2013 which in effect would render the recusal Motion moot. Mr. Aristeo chose to have the reconsideration Motion heard on February 22, 2013 and as such the Court did hear the Motion and made a ruling on that Motion.

There is presently no matter before the Court after the decision of the February 22, 2013 Reconsideration Motion.

5) This Court finds that the request of Mr. Aristeo to set aside the Agreement of April 19, 2011, the Agreement of August 2, 2012 and the Order of December 6, 2012 is a redundant Motion. These matters have previously been dealt with and ruled upon by the Court.

6) As previously stated, the recusal Motion is rendered moot. There is presently no outstanding issue before this Court that would require this Judge to take action.

NAN S. FAMULAR, J.S.C.

2

Case 1:15-cv-00769-RMB-KMW   Document 1-3   Filed 02/03/15   Page 18 of 73 PageID: 63

CERTIFIED TO BE
A TRUE COPY

PREPARED BY THE COURT:

|  |  |
|---|---|
| Plaintiff, | : SUPERIOR COURT OF NEW JERSEY |
| JODY RAINES, | : CHANCERY DIVISION-FAMILY PART |
|  | : CAMDEN COUNTY |
|  | : |
| VS. | : DOCKET NO. FV-04-1476-12 |
|  | : |
| Defendant, | : |
| BRUCE ARISTEO. | : |
|  | : **CIVIL ACTION** |
|  | : |
|  | : ORDER |

This matter having come before the Court on February 22, 2013 on Motion filed

by the Defendant Bruce Aristeo, Pro Se and the Plaintiff, Jody Raines, having filed a

Cross Motion, represented by Shari Veisblatt, Esquire and the Court having considered

the moving papers and arguments of the Defendant and counsel and for good cause

shown:

IT IS on this 26th day of FEBRUARY, 2013 ORDERED as follows:

1)   The Defendant Bruce Aristeo's Motion for Reconsideration of the December 6,

    2012 Order is denied in part and granted in part.

2)   The Court reconsiders and amends the following paragraphs 7, 8, 12, and 13.

3)   The Court removes the paragraphs which impose a counsel fee sanction against

    Mr. Aristeo.  This provision is contained in paragraphs 7 and 8 of the December

    6th, 2012 Order.  The Court removes this sanction, not because it is not warranted,

    but because Mr. Aristeo, at the end of the Court proceeding on February 22, 2013,

    stated that the sanction would force him to file lawsuits against 22 clients of Ms.

    Raines in order to attempt to collect funds to pay the obligation.

    This Court will not allow Mr. Aristeo to use this sanction as a means to further

    harass Ms. Raines.  This, coupled with the likelihood that Mr. Aristeo will not

1

honor the Court's Order for payment, have resulted in the Court's decision to vacate the sanction of $2,500.

4) As to the remaining paragraphs which are to be amended by this Order, the Court removes the requirement that Mr. Aristeo remove all of the "Band-Aid Justice" videos which indirectly refer to Jody Raines. He must, however, continue to remove all videos which name her directly and to cease in producing any videos which contain her name directly.

5) As such, paragraphs 12 and 13 are modified to provide that he is prohibited against posting any future videos on any public media sites which refer to the Plaintiff directly.

6) This Order does not modify paragraph 11 in which the Court has made a finding that the videos posted on YouTube entitled "Day of Reckoning" and various videos under the heading "Band-Aid Justice" were all in breach of the August 2nd, 2012 agreement and indefinite Temporary Restraining Order.

7) Finally, the Court raised the issue as to whether Mr. Aristeo is in need of a legal guardian. After review of the transcript of February 22, 2013, the Court finds that Mr. Aristeo's inability and unwillingness to understand or accept this Court's decision, his inability or unwillingness to accept the appeal process, his frustration and his obsessive focus on the alleged perjury of Ms. Raines, could be a result of his emotions from the termination of the parties' relationship, hence no psychiatric evaluation is needed of Mr. Aristeo at this time and this Court determines there is no need for a legal guardian.

8) All other paragraphs of the December 6th, 2012 Order, not modified by this Order, remain in full force and effect.

2

NAN S. FAMULAR, J.S.C.

3


CERTIFIED TO BE
A TRUE COPY

PREPARED BY THE COURT:

|  |  |
|---|---|
| Plaintiff, | : SUPERIOR COURT OF NEW JERSEY |
| JODY RAINES, | : CHANCERY DIVISION-FAMILY PART |
|  | : CAMDEN COUNTY |
|  | : |
| VS. | : DOCKET NO. FV-04-1476-12 |
|  | : |
| Defendant, | : |
| BRUCE ARISTEO. | : |
|  | :         **CIVIL ACTION** |
|  | : |
|  | :              ORDER |

THIS matter having come before the Court on March 8, 2013 on Motion filed by the Defendant Bruce Aristeo, Pro Se and the Plaintiff Jody Raines, being represented by Shari Veisblatt, Esquire and the Court having considered the moving papers and arguments of the Pro Se Defendant and Plaintiff's attorney and for good cause shown;

IT IS on this 11th day of MARCH, 2013 ORDERED as follows:

1)    The Motion for Stay, filed by the Defendant, Bruce Aristeo, is withdrawn by the Defendant.

On the return day of the Motion, the Defendant had an expectation that he could provide additional information to the Court related to the Order of December 6, 2012.

His primary concerns were the imposition of a Judgment against him for $2,500 and the possibility of an appointment of a legal guardian and/or directive for psychological evaluation.  In its Order of February 26, 2013, the Court removed the $2,500 Judgment based on the Reconsideration Motion of Mr. Aristeo and further noted that there was no need for any psychological evaluation or appointment of legal guardian for Mr. Aristeo.

1

2) On the return date of March 8, 2013, Mr. Aristeo chose not to pursue his

Motion to Stay.  Due to his decision, there is no need for this Court to rule on

the Motion.

NAN S. FAMULAR, J.S.C.

PREPARED BY THE COURT:

CERTIFIED TO BE
A TRUE COPY

|  |  |
|---|---|
| | : SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | : CHANCERY DIVISION-FAMILY PART |
| JODY RAINES, | : CAMDEN COUNTY |
| | : |
| VS. | : DOCKET NO. FV-04-1476-12 |
| | : |
| Defendant, | : |
| BRUCE ARISTEO. | : **CIVIL ACTION** |
| | : |
| | : ORDER |

This matter has been brought before the Court on April 2, 2013 by the Defendant Bruce Aristeo, Pro Se filing an Emergency Notice of Motion to Clarify and Notice of Motion to Show Cause and for good cause shown:

IT IS on this 2nd day of APRIL, 2013 ORDERED as follows:

1) The Defendant Bruce Aristeo's Emergency Notice of Motion to Clarify is denied. This Court cannot issue advisory opinions or clarifications as to Mr. Aristeo's question regarding the Family Part jurisdiction over a trial by jury for civil claims. The Family Part does not have jurisdiction over any civil claims filed by Mr. Aristeo in the Law Division and Judge Millenky has addressed those issues in his decision.

2) The Notice of Motion to Show Cause is procedurally deficient and therefore is denied.

3) The Notice of Motion to Show Cause, if interpreted by the Court as an Order to Show Cause, is denied because Mr. Aristeo has failed to demonstrate any immediate or irreparable harm requiring emergent action by the Court.

NAN S. FAMULAR, J.S.C.

**EXHIBIT F**

**TRUE COPY**
*Robt G. Millenky JSC.*

ROBERT G. MILLENKY, J.S.C.

**PREPARED BY THE COURT**

|  |  |  |
|---|---|---|
| Bruce Aristeo, | : | |
| | : | |
| Plaintiff, | : | SUPERIOR COURT OF |
| | : | NEW JERSEY - CAMDEN |
| | : | LAW DIVISION |
| vs. | : | |
| | : | DOCKET # CAM-L-5070-12 |
| Jody E. Raines, WebMarCom, LLC, | : | |
| | : | |
| Defendants. | : | **ORDER** |
| | : | |
| | : | |
| | : | |

This matter, having come before the Court upon the application of Defendants to dismiss Plaintiff's complaint and to sanction Plaintiff, with Matthew A. Green, Esq. of Obermayer Rebmann Maxwell & Hippel, LLP, appearing on behalf of Defendants, and Plaintiff Bruce Aristeo representing himself in opposition thereto, and the Court having reviewed the papers and heard oral argument on February 22, 2013; and for the reasons set forth in the Court's written decision dated March 13, 2013:

It is, on this 13th day of March, 2013, ORDERED that:

1. Defendants' motion to dismiss Plaintiff's complaint is GRANTED, and Plaintiff's complaint, in its entirety, is hereby dismissed with prejudice;

2. Defendants' motion as to sanctions is DENIED.

ROBERT G. MILLENKY, P.J. Cv.

OBERMAYER REBMANN MAXWELL & HIPPEL LLP
By:     Matthew A. Green, Esquire
Woodland Falls Corporate Park                                    APR 2 5 2013
200 Lake Drive East, Suite 110
Cherry Hill, NJ  08002
(856) 795-3300
Attorneys for Defendants Jody E. Raines and WebMarCom, LLC

| | |
|---|---|
| PRO SE<br>BRUCE ARISTEO<br><br>                    Plaintiff(s)<br><br>        vs.<br><br>JODY E. RAINES and<br>WEBMARCOM, LLC<br>                    Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO. L-5070-12<br><br>CIVIL ACTION |

### ORDER

AND NOW, this 25ᵗʰ day of April 2013, upon consideration of

Plaintiff's Motion For Reconsideration and Motion to Compel Production, and Defendants

having filed Opposition thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion

For Reconsideration and Motion to Compel Production are hereby DENIED. ~~It is further~~

~~Ordered that Plaintiff shall reimburse Defendants for all fees and costs associated with opposing~~

~~Plaintiff's Motions, which sum shall be fixed upon consideration of the Supplemental~~

~~Certification of Counsel.~~  It is further ordered that a copy of this
order shall be served
on all parties within
7 days.

BY THE COURT:

Robert G. Mullenky P.J.Civ

Honorable Robert G. Millenky, P.J./Civ.

# EXHIBIT G



**WARREN W. FAULK**
Camden County Prosecutor

# Office of the County Prosecutor

### County of Camden
25 North Fifth Street
Camden, New Jersey 08102-1231
Tel: (856) 225-8400 Fax: (856) 963-0080

GLADYS E. RODRIGUEZ
First Assistant Prosecutor

MARK K. CHASE
Deputy First Assistant Prosecutor

MARK S. NICHOLAS
Acting Chief of Detectives

May 12, 2014

Bruce Aristeo
1640 Nixon Drive
Suite 272
Moorestown, N.J. 08057


This is to advise you that your complaint dated April 14, 2014 was sent to the Prosecutor Supervision and Training Bureau, Office of the Attorney General, Division of Criminal Justice on April 16, 2014.


Very truly yours,

Warren W. Faulk
Camden County Prosecutor

# EXHIBIT H

**Camden County**
**OFFICE OF THE PROSECUTOR**
*25 North Fifth Street*
*Camden, New Jersey 08102-1231*
*(856) 225-8400    Fax: (856) 963-0080*

## SUMMARY REPORT

**Case Title: State Vs Bruce Aristeo**                        **Case #:**

**Indictment #:**

---

On Tuesday, 4/16/2013, members of the Camden County Prosecutors Office conducted an undercover surveillance operation targeting Bruce Aristeo.  Jody Raines had previously posted via social media that she would be attending a Rotary Club meeting at Dublin Square on Evesham Ave. in Cherry Hill, N.J.  The operation is designed to determine whether Aristeo would show up at the meeting despite having a restraining order preventing him from doing so.

Jody Raines came into the Camden County Prosecutors Office in order to be fitted with a concealed audio recording device.  When she arrived we met with Inv. T. DiNunzio and he fitted her with it.

Inv. A. Pisano and I went to the prearranged meeting place with Ms. Raines at Dublin Square Restaurant in Cherry Hill, N.J.  We arrived at approximately 1730HRS.  Shortly after we arrived Ms. Raines arrived and met with her group.

Inv. M. Snyder and Inv. M. Molle were watching Bruce Aristeo's apartment and his vehicle located at 37 N. Maple Ave. Marlton, N.J. 08053.  Mr. Aristeo did not leave his apartment while they were there.

Inv. Pisano, Inv. Snyder, Inv. Molle, and I kept surveillance on Ms. Raines.  Mr. Aristeo never came to the meeting.  After her meeting we returned to the Camden County Prosecutors Office were Inv. Morante removed the wire from Ms. Raines.  Ms. Raines then returned home.

---

**Report By:** _____     **Date:** _____
               **Inv. Chris Auletto    Domestic Violence**

**Unit Commander Review:** _____     **Date:** _____

CCPO/13003505/00000311

# EXHIBIT I



**Camden County**
**Office of the Sheriff**

# DAILY ACTIVITY SHEET



| DATE 5.17.13 | DAY FRIDAY | OFFICER (1) S/O B. HUGGINS #201 |
|---|---|---|
| ASSIGNMENT TRANS, UNIT LAKELAND | | OFFICER (2) S/O M. ADDEZIO #195 |
| VEH# T-423 | SHIFT 0700-1500 | ST MILE 104324 END MILE 104394 |

| GAS FULL | OIL | HEADLIGHTS | TAILLIGHTS | | EMERGENCY LIGHTS | BIOHAZ EQUIP. N/A |
|---|---|---|---|---|---|---|
| | | | | | | |

List needed repairs or missing equipment in this section: TOTAL H/C - SHACKLES: 5/5
ADDED 1 QT OIL    104392/142508 TEST FL FUEL: 7.5 gals.
1 QT WINDSHIELD WASHER FLUID    TOTAL MILEAGE: 70 mi

| TIME ON | TIME OFF | DSCRP / DOC# | DESCRIPTION | STATUS |
|---|---|---|---|---|
| 0655 | 0700 | 10-1 | LINE UP / VEHICLE INSPECTION | |
| 0700 | 0756 | 10-2 | EN ROUTE TO CCCF | |
| 0756 | 1036 | 10-3 / 10-35 | CCCF / GUY THOMAS WAS SHIPPED TO BURL. CO. JAIL | 10-40 |
| 1036 | 1225 | 10-2 | EN ROUTE TO BERLIN TWP PD | |
| 1225 | 1236 | 10-3 | BERLIN TWP PD | 10-40 |
| 1236 | 1354 | 10-7 / 1M | BERLIN TWP PD 10-25 CCCF / WAYNE KEMP    PROS. B/W | REM |
| 1250 | 1304 | 10-3 | VOORHEES PD | 10-40 |
| 1304 | | 10-7 / 1M | VOORHEES PD 10-25 CCCF / BRUCE ARISTED    VRO | REM |
| 1324 | | 10-3 | CCCF | 10-40 |
| 1354 | 1500 | 10-2 / 10-1 | EN ROUTE TO LAKELAND HQ | 10-3 |

CONTINUE ON BACK OF SHEET

SHERIFF'S OFFICER SIGNATURE

# EXHIBIT J

# COMPLAINT - WARRANT

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **0434** | **W** | **2013** | **000298** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*THE STATE OF NEW JERSEY*
*VS.*
**BRUCE  ARISTEO**

**VOORHEES TWP MUNICIPAL COURT**
**2400 VOORHEES TOWN CENTER**
**VOORHEES          NJ   08043**
**(856)429-0770**   COUNTY OF: **CAMDEN**

ADDRESS :
   **37 MAPLE AVE. APT. 87**

**MARLTON                    NJ  08053**

| # of CHARGES **2** | CO-DEFTS | POLICE CASE #: **IN00291301** |
|---|---|---|

COMPLAINANT
NAME:       **CHRISTOPH  AULETTO**

DEFENDANT INFORMATION
SEX:  **M**  EYE COLOR:  **BROWN**      DOB: **04-22-1963**
DRIVER'S LIC. #. **A74521000004632**          DL STATE: **NJ**
SOCIAL SECURITY #: **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**     SBI #: **183535B**
TELEPHONE #:

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 01-02-2013 in VOORHEES TWP                    ,   **CAMDEN**   County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, ON DIVERSE DATES BETWEEN ON OR ABOUT JANUARY 2, 2013 THROUGH MAY 15, 2013, DID PURPOSEFULLY OR KNOWINGLY ENGAGE IN A COURSE OF CONDUCT DIRECTED AT JODY RAINES THAT WOULD CAUSE A REASONABLE PERSON TO FEAR FOR THEIR SAFETY OR THE SAFETY OF A THRID PERSON OR SUFFER OTHER EMOTIONAL DISTRESS, SPECIFICALLY BY POSTING NUMEROUS INFLAMMATORY VIDEOS ON PUBLIC INTERNET SITES USING JODY RAINES'S NAME, IMAGE, PHOTOGRAPHS, BUSINESS WEBSITE, AS WELL AS FRIENDS AND ACQUAINTANCES OF JODY RAINES AND DID SO IN VIOLATION OF AN INDEFINATE TEMPORARY RESTRAINING ORDER ISSUED AUGUST 2, 2012, BY THE HONORABLE NAN S. FAMULAR, J.S.C. UNDER DOCKET NUMBER FV-04-001476-12-B, IN VIOLATION OF N.J.S. 2C:12-10C, A 3RD DEGREE CRIME.

WITHIN THE JURISDICTION OF THIS COURT, ON OR ABOUT APRIL 25, 2013, DID PURPOSELY OR KNOWINGLY VIOLATE A PROVISION OF AN INDEFINITE TEMPORARY RESTRAINING ORDER ISSUED AUGUST 2, 2012, BY THE HONORABLE NAN S. FAMULAR, J.S.C. UNDER DOCKET

**in violation of:**

| Original Charge | 1) **2C:12-10C** | 2) **2C:29-9B** | 3) |
|---|---|---|---|
| Amended Charge | | | |

**CERTIFICATION:**
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Signed: _____ #172-CCPD                    Date: 5/16/13

| DATE OF FIRST APPEARANCE | TIME | DATE OF ARREST **00-00-0000** |
|---|---|---|

## PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐ Probable cause **IS NOT** found for the issuance of this complaint.

Signature of Court Administrator or Deputy Court Administrator            Date                    Signature of Judge                    Date

☑ Probable cause **IS** found for the issuance of this complaint
                                    Signature and Title of Judicial Officer Issuing Warrant       5/17/13  Date
TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.

Bail Amount Set: _____ / _____ by: _____
                                    (if different from judicial officer that issued warrant)

| ☑ **Domestic Violence – Confidential** | ☐ **Related Traffic Tickets or Other Complaints** | ☐ **Serious Personal Injury/ Death Involved** |
|---|---|---|

Special conditions of release:
☐  No phone, mail or other personal contact w/victim
☐  No possession firearms/weapons
☐  Other (specify):

**DEFENDANT'S COPY**

**Page 4 of 7**                    NJ/CDR2 8/1/2005

# COMPLAINT - WARRANT

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **0434** | **W** | **2013** | **000298** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*THE STATE OF NEW JERSEY*
*VS.*
**BRUCE ARISTEO**

**VOORHEES TWP MUNICIPAL COURT**
**2400 VOORHEES TOWN CENTER**
**VOORHEES          NJ   08043**
**(856)429-0770**   COUNTY OF: **CAMDEN**

ADDRESS: **37 MAPLE AVE. APT. 87**

**MARLTON                    NJ  08053**

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| **2** | | **IN00291301** |

COMPLAINANT
NAME:        **CHRISTOPH AULETTO**

DEFENDANT INFORMATION
SEX: **M** EYE COLOR: **BROWN**     DOB: **04-22-1963**
DRIVER'S LIC. #. **A74521000004632**          DL STATE: **NJ**
SOCIAL SECURITY #: **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**   SBI #: **183535B**
TELEPHONE #:

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named
defendant on or about **01-02-2013 in VOORHEES TWP**                    ,   **CAMDEN**  County, NJ did:
NUMBER FV-04-001476-12-B, BY ENGAGING IN A COURSE OF CONDUCT DIRECTED AT JODY
RAINES THAT WOULD CAUSE A REASONABLE PERSON TO FEAR FOR THEIR SAFETY OR SUFFER
OTHER EMOTIONAL DISTRESS BY POSTING TWO INFLAMMATORY VIDEOS ON YOUTUBE, A PUBLIC
INTERNET SITE, USING JODY RAINES'S NAME, IMAGE, AND VIDEO OF HER PET BELGIAN
MALINOIS IN VIOLATION OF N.J.S. 2C:29-9B, A FORTH DEGREE CRIME.

in violation of:

| | 1) | 2) | 3) |
|---|---|---|---|
| Original Charge | | | |
| Amended Charge | | | |

**CERTIFICATION:**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false,
I am subject to punishment.

Signed: _____ #172 CCPD                         Date: 5/16/13

| DATE OF FIRST APPEARANCE | TIME | DATE OF ARREST **00-00-0000** |
|---|---|---|

## PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐  Probable cause **IS NOT** found for the issuance of this complaint.

_____   _____          _____   _____
Signature of Court Administrator or Deputy Court Administrator   Date                    Signature of Judge                     Date

☑  Probable cause **IS** found for the issuance of this complaint.
                                         Signature and Title of Judicial Officer Issuing Warrant      Date
TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE
NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.

Bail Amount Set: _____ / ____ by: _____
                                         (if different from judicial officer that issued warrant)

| ☑  **Domestic Violence – Confidential** | ☐  **Related Traffic Tickets**<br>**or Other Complaints** | ☐  **Serious Personal Injury/ Death**<br>**Involved** |
|---|---|---|

**Special conditions of release:**
☐  No phone, mail or other personal contact w/victim
☐  No possession firearms/weapons
☐  **Other** (specify):

**DEFENDANT'S COPY**

**Page 4 of 7**          NJ/CDR2 8/1/2005

# EXHIBIT K

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, CRIMINAL PART
CAMDEN COUNTY
INDICTMENT NO. 13-08-2454

STATE OF NEW JERSEY,       )
                           )
                           )
         v.               )      TRANSCRIPT
                           )         OF
                           )      MOTION FOR
BRUCE ARISTEO,          )    RECONSIDERATION
                           )
         Defendant.     )

Place:  Camden County Hall of Justice
        101 S. Fifth St.
        Camden, New Jersey   08103

Date:   January 13, 2014

BEFORE:

    HONORABLE FREDERICK J. SCHUCK, J.S.C.


TRANSCRIPT ORDERED BY:

    BRUCE ARISTEO, PRO SE
    1640 Nixon Dr., Ste. 272
    Moorestown, NJ  08057


APPEARANCES:

    TRACY A. COGAN, ESQ. (Asst. Camden County
    Prosecutor)
    Attorney for the State

    BRUCE ARISTEO, PRO SE

    BRAD WERTHEIMER, ESQ. (Hornstine, Wertheimer &
    Pelloni, LLC)
    Backup counsel for Defendant


                    Transcriber Mary E. Sweeney
                    PAT'S TRANSCRIPTION SERVICE
                    504 Forest Court
                    Williamstown, NJ   08094

                    Phone:  (856) 728-3151
                    Fax:    (856) 728-4771
                    E-mail: typistpat@comcast.net

                    Digitally Recorded
                    Recording Operator K. Mullan

2

1                                 I N D E X
2
3        MOTIONS FOR RECONSIDERATION
4        By:  Mr. Aristeo . . . . . . . . . . . . . . . . 17
5        Denied . . . . . . . . . . . . . . . . . . . . . 26
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                              Colloquy                    3

1              THE COURT:  This is the matter of <u>State vs.
2    Bruce Aristeo</u>.  I-2454-03-13.  Appearances, please.  Mr.
3    Aristeo, you're here, sir?
4              MR. ARISTEO:  Yes, I am, Your Honor.
5              THE COURT:  All right.  And you're
6    representing yourself, right?
7              MR. ARISTEO:  That's correct, Your Honor.
8              THE COURT:  And Mr. Wertheimer is stand by
9    counsel.  He's present in court, and for the State?
10              MS. COGAN:  Tracy Cogan on behalf of the
11    State.
12              THE COURT:  All right.  Thank you.  Everybody
13    may be seated.  This matter is on the list today listed
14    for pre-trail conference.  The defendant also has filed
15    a motion addressing -- asking for reconsideration of
16    the order of this Court of November 21, 2013, both the
17    main order relative mainly to discovery, as well as the
18    bail order that I issued separately that same date and
19    asking for other related relief.
20              Let's start with the matter of my order of
21    November 21, 2013 relative to discovery issues.  Let me
22    ask this.  The defendant's motion was somewhat limited
23    in terms of its specificity relative to complaints with
24    respect to the provision of discovery.  There was a lot
25    of general discussion about the need for the State

```
 1    conflicts with Judge Famular's order that I am allowed
 2    to post my issues indirectly regarding Ms. Raines.
 3            THE COURT:  Well, first of all, this Court is
 4    not bound by a prior less restrictive order of the
 5    Family Part relative to setting bail in a subsequent
 6    criminal matter.  So, if my restrictions are more
 7    restrictive than what Judge Famular may have allowed in
 8    the Family Court context, then that's what they are.
 9    It's my subsequent order based on new circumstances,
10    there's criminal charges against you, and there are
11    bail conditions which I consider to be reasonable that
12    I've imposed.  I asked you whether it prevents you from
13    preparing for trial.  You haven't -- you answered to me
14    but you didn't say anything to me that leads me to
15    believe that it really does --
16            MR. ARISTEO:  Well, I would like to clarify
17    one thing so that --
18            THE COURT:  Go ahead.
19            MR. ARISTEO:  -- would be on the record.  I
20    have been after you two to re-post the videos that were
21    destroyed by the alleged victim.  She had no right to
22    do that.  It's an obstruction of the justice.  The
23    videos that I have that were downloaded by the
24    prosecution are not -- they're not within the context
25    of which they were created.  So, I'm doing everything I
```

```
 1    can to re-assemble what was originally there, and if
 2    any of that has, you know, reflects negatively upon me,
 3    I'd like to know that now.  But as of today, you know,
 4    the evidence that the prosecution plans to provide in
 5    the paper form does not exist, and according to the, I
 6    guess, the rules of evidence, there needs to be an
 7    accurate representation of an original, and they are
 8    not providing that.
 9            THE COURT:  Well --
10            MR. ARISTEO:  Especially as something that's
11    sensitive as freedom -- my freedom of speech and how
12    things are perceived.
13            THE COURT:  Sir, my concern is simply whether
14    the bail conditions somehow impede your ability to
15    prepare for trial.  You're claiming that there will be
16    some deficiencies in the prosecutor's proofs or some
17    inability for them to prove their case.  That may or
18    may not be, but that has nothing to do with your bail
19    conditions or whether I need to somehow modify them to
20    allow you a full ability to prepare for trial.  And --
21            MR. ARISTEO:  I don't believe I was clear,
22    Your Honor.  If I reproduce what was destroyed, is that
23    a violation of my bail?
24            THE COURT:  I don't know what you mean by
25    reproduce.
```

Colloquy                    50

```
 1            MR. ARISTEO:  The videos were on U-Tube.
 2   They were removed from U-Tube by Ms. Raines.  If I
 3   reproduce those U-Tube videos, have them reposted, does
 4   that violate my bail?
 5            THE COURT:  These are -- these are videos
 6   that you posted in the first place?
 7            MR. ARISTEO:  They were there originally.  U-
 8   Tube still has them, they just need to reactivate the
 9   account, but they're -- I have to send them a lot of
10   legal documentation and information.  So, if I have
11   them reactivated, does that violate my bail, because in
12   essence, that me, you know, posting something again, if
13   that's following the prosecution's understanding of
14   what posting is.
15            THE COURT:  The videos that -- are all these
16   videos you're talking about, Ms. Cogan, were they on U-
17   Tube?
18            MS. COGAN:  They were videos posted on U-Tube
19   and blogs.  They were downloaded and captured by the
20   State.  They are also on, you know, the genesis of them
21   are the defendant's computers.  It's my understanding
22   Ms. Raines -- well, U-Tube -- once videos are the
23   subject of a criminal indictment, they take them down
24   and they took them down, I believe at the request of an
25   attorney of Ms. Raines.  So, they have been removed,
```

Colloquy                    51

```
 1   the disparaging, you know, videos where she's
 2   personally attacked.
 3            MR. ARISTEO:  That's a mischaracterization,
 4   Your Honor.  I object to this and I know this is --
 5            THE COURT:  Sir, this is not the trial.
 6   Don't worry about it, okay?  Go ahead.
 7            MS. COGAN:  So that to repost them, for the
 8   defendant to seek for them to be reposted, the State
 9   would submit that that -- they're the subject of the
10   criminal indictment.
11            THE COURT:  Sir, the videos that you're
12   talking about have been -- Ms. Cogan says captured by
13   the State and provided through discovery, right?
14            MS. COGAN:  Yes, yes.  In their entirety.
15            THE COURT:  All right.  So, they exist for --
16   and are accessible both to you and to Ms. Cogan for
17   purposes of whatever use the State might have of them
18   relative to their prosecution, and for you, relative to
19   any defense.  So, if you have them available, why would
20   they separately need to be posted on U-Tube?
21            MR. ARISTEO:  I brought this up before, Your
22   Honor.  If the prosecution walked in and handed you
23   bullets and said this is -- these are the bullets that
24   killed the person but we don't have the gun, then what
25   is there?  There's nothing.  The U-Tube videos were in
```

```
 1                MS. COGAN:  Yes, Judge.
 2                THE COURT:  So, sometime after you get this
 3      report, then you figure, I'm going to allow the
 4      defendant to have access to his computer, right?
 5                MS. COGAN:  Yes.
 6                THE COURT:  Okay.  So, I would -- it seems
 7      to me that we shouldn't be back here until after all of
 8      that happens.  Does anybody disagree?  Am I missing
 9      something?  So, why don't we do that.  We'll plan for
10      that.
11                MR. ARISTEO:  I'd also like to note, Your
12      Honor, concerning the computer forensic report, it was
13      on September 3rd -- the computer was actually sent to
14      them in June.  It was on September 13th that Ms. Cogan
15      said that it would take another eight to twelve weeks.
16      You asked for that to be expedited, and now, we're at
17      17 weeks from the time that you asked for it to be
18      expedited.
19                THE COURT:  Understood.  And I'm -- Ms. Cogan
20      has explained what the delay is and the demands on the
21      --
22                MS. ARISTEO:  Yes, and that's incorrect, as
23      well.
24                THE COURT:  -- forensic people.
25                MR. ARISTEO:  But thank you.
```

```
 1                THE COURT:  Sir, you don't know that.  You
 2      couldn't possibly know.
 3                MR. ARISTEO:  Oh, yes, I do, Your Honor.
 4      There's only 12 gigs of information and it would take
 5      me three hours to do exactly what the forensic--
 6                THE COURT:  Sir, what I said was that she
 7      said that forensic analyst was busy with a number of
 8      other cases, and you're not going to tell me you know
 9      that's not the case, so --
10                MR. ARISTEO:  No, that's not what I was --
11                THE COURT:  All right.  I think we said
12      enough.  I'm going to reschedule the matter for a new
13      date.
14                MR. ARISTEO:  Sure.
15                     (Brief pause)
16                THE COURT:  How about March 10th?  Does that
17      sound like a reasonable amount of time to do things
18      we've just discussed, Ms. Cogan, or do you need more
19      than that?
20                MS. COGAN:  March 10th should be sufficient,
21      Judge.
22                THE COURT:  All right.  And there is a need
23      to try to move this as quickly as we can.  I know -- I
24      think everybody involved is trying to do that on both
25      sides.  There's a lot involved in the case, and I do
```

Colloquy                    62

1   know that there are competing demands on the time of a
2   lot of people involved here.  March 10, 2014, pre-trial
3   conference.  Sir, please wait for your subpoena.  Thank
4   you.
5           I need a minute, I need a minute.
6
7                    * * * * *
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                                                    63

1                    CERTIFICATION
2
3   I, MARY E. SWEENEY, the assigned transcriber, do hereby
4   certify the foregoing transcript of proceedings on copy
5   of digital recording, dated 1/13/14, index number from
6   10:19:39 to 11:44:19, is prepared to the best of my
7   ability and in full compliance with the current
8   Transcript Format for Judicial Proceedings and is a
9   true and accurate compressed transcript of the pro-
10  ceedings as recorded.
11
12
13      Signature:    /s/ Mary E. Sweeney
14                    Mary E. Sweeney
15
16
17      Signature:    /s/ Patricia A. Hallman
18                    Patricia A. Hallman    AOC #AD/T 312
19
20
21
22      Pat's Transcription Service
23
24
25  Date:  7/7/14

# EXHIBIT L

 YouTube



RU' Burger Farms Breakfast Patties - MonkeyCom - WebMarCom - Jody Raines

**MonkeyCom Jody Raines** · 7 videos

Subscribe    62

30 views

👍 11    👎 2

Like    Dislike    About    Share    Add to

**Published on Apr 25, 2013**
RU' Burger Farms Belgian Malinois sausage patties commercial. A funny parody of Jody Raines' dog Ruger and how tasty the Malinois are as breakfast treats. MonkeyCom is the new craze! Watch these videos because they are a great parody of WebMarCom and Jody Raines. Webmarcom is promoted as a premier Internet Marketing Strategies company, but has the worst SEO and posts the most inaccurate information. MonkeyCom.net focuses on those inaccuracies and helps viewers understand what not to do using WebMarCom as an example.

Category    Entertainment
License    Standard YouTube License

Show less

All Comments (0)

click to leave a comment


**RU' Burger Farms OutTakes - MonkeyCom - WebMarCom - Jody**
by MonkeyCom Jody Raines
2 views


**Angie Miller Performs "Who You Are" - AMERICAN IDOL SEASON**
by americanidol
226,280 views


**I'm Shmacked - Xtreme Trips Spring Break 2013 : Puerto**
by YofrayFilms
13,013 views

**Photo Everyday For A Year!**
by charlesstrippy
233,442 views


**Ultimate Fails Compilation 2012 (reupload)**
by failarmy
111,171 views


**Beyoncé in H&M Summer Collection 2013**
by hennesandmauritz
462,799 views

Gary McBride    0

 YouTube    Language: English    Country: Worldwide    Safety: Off    Help



About    Press & Blogs    Copyright    Creators & Partners    Advertising    Developers

Terms    Privacy    Policy & Safety    Send feedback    Try something new!

# EXHIBIT M

Prosecutor's File # 13003505

WARREN W. FAULK
CAMDEN COUNTY PROSECUTOR
COUNTY OF CAMDEN
25 NORTH FIFTH STREET
CAMDEN, NEW JERSEY 08102-1231

STATE OF NEW JERSEY                    SUPERIOR COURT OF NEW JERSEY
                                       LAW DIVISION CAMDEN COUNTY
          VS.                          CRIMINAL

**BRUCE ARISTEO**


                                       JUNE STATED SESSION 2013

DEFENDANT


                                       INDICTMENT 2454-08-13

CCPO/13003505/00000010

## COUNT 1

The Grand Jurors of the State of New Jersey, for the County of Camden, upon their oaths present that,

### BRUCE ARISTEO

On diverse dates between the 2$^{nd}$ day of January, 2013 through the 15$^{th}$ day of May, 2013, in the Township of Voorhees, in the County of Camden, aforesaid, and within the jurisdiction of this Court,

did purposefully or knowingly engage in a course of conduct directed at Jody Raines that would cause a reasonable person to fear for their safety or the safety of a third person or suffer other emotional distress, and did so in a violation of an existing Court Order prohibiting said behavior, to wit; an Indefinite Temporary Restraining Order issued on August 2, 2012 by the Honorable Nan S. Famular, J.S.C. in the matter of Jody Raines v. Bruce Aristeo, Docket Number FV-04-004796-12b,

contrary to the provisions of N.J.S. 2C:12-10c, and against the peace of this State, the Government and dignity of the same.

**True Bill**

**FOREPERSON**                 **TRACY A. COGAN**
                                **ASSISTANT PROSECUTOR**

2C:12-10c Stalking - Third Degree

CCPO/13003505/00000011

# EXHIBIT N

9-24-, 2013

PREPARED BY THE COURT

**STATE OF NEW JERSEY**

: IN THE CRIMINAL DIVISION
: SUPERIOR COURT CAMDEN COUNTY

SPECIAL DEPUTY CLERK

Plaintiff(s)
:
v.                                          : **SUPERIOR COURT OF NEW JERSEY**
:  **CAMDEN COUNTY CRIMINAL PART**
**BRUCE ARISTEO**                           : **INDICTMENT NO. 2454-08-13**
:

**ORDER PERMITTING DEFENDANT TO
REPRESENT HIMSELF**

Defendant(s)

**THIS MATTER** having been opened to the Court by the Defendant, Bruce Aristeo, heretofor represented by Mary Claire Wolf, A.D.P.D; and the State being represented by Assistant Prosecutor Tracy A. Cogan;

**AND THE COURT** having found that:

1) The Defendant desires to represent himself;

2) The Defendant desires the representation of himself to be with the help of standby counsel on procedural issues;

3) The Defendant's request to represent himself is unequivocal;

4) The utilization of standby counsel is necessary and appropriate given the relative lack of knowledge and experience of the Defendant relative to the rules and procedures that would apply in this matter;

5) The wish of the Defendant to waive his right to counsel and to represent himself in this matter has been made knowingly and intelligently;

**AND** for reasons otherwise set forth on the record this date, and good cause having been shown;

**IT IS ON THIS 24TH DAY OF SEPTEMBER, 2013, ORDERED AND ADJUDGED AS FOLLOWS:**

The Defendant, Bruce Aristeo, shall be and is hereby permitted to represent himself with the help of standby counsel, namely Mary Claire Wolf, Esq., who shall assist him with procedural matters, including evidentiary issues, introducing evidence and exhibits, and court room procedures and rules.

FREDERICK J. SCHUCK, J.S.C.

RECEIVED AND FILED

_11-21_____, 20 _13_

IN THE CRIMINAL DIVISION
SUPERIOR COURT CAMDEN COUNTY

SPECIAL DEPUTY CLERK

PREPARED BY THE COURT
_____
**STATE OF NEW JERSEY**                    :
                                           :
                                           :
                                           :
                        Plaintiff(s)       :
                                           :
v.                                         :   **SUPERIOR COURT OF NEW JERSEY**
                                           :   **CAMDEN COUNTY CRIMINAL PART**
**BRUCE ARISTEO**                          :   **INDICTMENT NO. 2454-08-13**
                                           :
                                           :            **ORDER**
_____
                        Defendant(s)

**THIS MATTER** having been brought before the Court on the application of the Defendant, Bruce Aristeo, who represents himself *pro se*;

**And** the State being represented by Assistant Prosecutor Tracy A. Cogan;

**AND THE COURT** having considered the submissions of the parties, and their arguments in Court on November 21, 2013;

**AND** for reasons set forth more fully on the record on that date, and good cause having been shown;

**IT IS ON THIS 21ST DAY OF NOVEMBER, 2013, ORDERED AND ADJUDGED AS FOLLOWS:**

1) The Defendant is deemed to be indigent, pursuant to R.1:13-2(a), and any fees provided for by law which are payable to the Court are waived. This does not include the provision of free transcripts.

2) By December 5, 2013, the State shall provide to the Defendant a copy of any and all witness statements.

3) By December 5, 2013, the State shall supply to the Defendant color copies of any photos otherwise supplied or to be supplied by way of discovery.

4) The Defendant's request for a color copy of the arrest warrant is denied.

5) The Defendant's request for copies of notes, memoranda, or other work and papers made or maintained by any judge relevant to this Defendant is denied pursuant to R.1:38-5(b).

6) The Defendant's request for Family Part records pertaining to domestic violence proceedings relative to the alleged victim in this matter is denied

pursuant to R.1:38-3(d)(9) and (10).

7) The Defendant shall proceed pursuant to R.1:38-10(a) relative to any other Court records or administrative records he seeks, and shall address any records request regarding the Superior Court, Law or Chancery Divisions, to the Trial Court Administrator of the Camden County vicinage. If he is denied access to a record sought he may seek review of that determination as set forth in R.1:38-10(b).

8) By December 5, 2013 the State shall supply to the Defendant a copy of any documents generated by the Township of Evesham or the Township of Voorhees police departments relative to this matter. The Defendant may seek copies of records of other incidents he considers indirectly related to this matter by making his own request directly to the sources of those records.

9) By December 6, 2013 the State shall supply to the Defendant a copy of the agreement of April 19, 2011 relative to the Defendant and the alleged victim.

10) The Defendant's request for copies of the Family Part orders not mentioned in the search warrant affidavit, and not supplied with discovery, is denied as being beyond the scope of the State's obligation to provide discovery pursuant to R.3:13-3.

11) By December 19, 2013 the State shall provide to the Defendant a transcript of the audio of the surveillance video.

12) The Defendant's request that the State supply the agreement page and the signature page not supplied with the background check dated April 1, 2011, that was supplied with the discovery, is denied, the State having represented that those arguably existent additional pages are not part of the copy of the background check in their possession.

13) The Defendant's motion for change of venue is denied pursuant to R.3:14-1 and 2.

14) The Defendant's motion that the search warrant in this matter be deemed invalid is denied, the State having met the necessary legal standard.

15) The State shall provide to the Defendant reasonable access to the computer and the iPhone seized from him by the State pursuant to the search warrant.

16) Pursuant to a separately issued Order this date, the Defendant is released on his own recognizance relative to this matter pursuant to pre-trial services, to include electronic monitoring and detailed bail conditions as more fully set forth in that separate Order.

FREDERICK J. SCHUCK, J.S.C.

2

PREPARED BY THE COURT

STATE OF NEW JERSEY

RECEIVED AND FILED

11-21 , 20 13

IN THE CRIMINAL DIVISION
SUPERIOR COURT CAMDEN COUNTY

SPECIAL DEPUTY CLERK

Plaintiff(s)

v.

BRUCE ARISTEO

Defendant(s)

:
:
:
:
:
:
:
:
:
:
:
:

SUPERIOR COURT OF NEW JERSEY

CAMDEN COUNTY CRIMINAL PART

INDICTMENT NO. 2454-08-13

ORDER

THIS MATTER having been brought before the Court on the application of the Defendant, Bruce Aristeo, who represents himself *pro se*;

And the State being represented by Assistant Prosecutor Tracy A. Cogan;

AND THE COURT having considered the submissions of the parties, and their arguments in Court on November 21, 2013;

AND for reasons set forth more fully on the record on that date, and good cause having been shown;

IT IS ON THIS 21ST DAY OF NOVEMBER, 2013, ORDERED AND ADJUDGED AS FOLLOWS:

1) The Defendant is deemed to be indigent, pursuant to R.1:13-2(a), and any fees provided for by law which are payable to the Court are waived. This does not include the provision of free transcripts.

2) By December 5, 2013, the State shall provide to the Defendant a copy of any and all witness statements.

3) By December 5, 2013, the State shall supply to the Defendant color copies of any photos otherwise supplied or to be supplied by way of discovery.

4) The Defendant's request for a color copy of the arrest warrant is denied.

5) The Defendant's request for copies of notes, memoranda, or other work and papers made or maintained by any judge relevant to this Defendant is denied pursuant to R.1:38-5(b).

6) The Defendant's request for Family Part records pertaining to domestic violence proceedings relative to the alleged victim in this matter is denied

pursuant to R.1:38-3(d)(9) and (10).

7) The Defendant shall proceed pursuant to R.1:38-10(a) relative to any other Court records or administrative records he seeks, and shall address any records request regarding the Superior Court, Law or Chancery Divisions, to the Trial Court Administrator of the Camden County vicinage. If he is denied access to a record sought he may seek review of that determination as set forth in R.1:38-10(b).

8) By December 5, 2013 the State shall supply to the Defendant a copy of any documents generated by the Township of Evesham or the Township of Voorhees police departments relative to this matter. The Defendant may seek copies of records of other incidents he considers indirectly related to this matter by making his own request directly to the sources of those records.

9) By December 6, 2013 the State shall supply to the Defendant a copy of the agreement of April 19, 2011 relative to the Defendant and the alleged victim.

10) The Defendant's request for copies of the Family Part orders not mentioned in the search warrant affidavit, and not supplied with discovery, is denied as being beyond the scope of the State's obligation to provide discovery pursuant to R.3:13-3.

11) By December 19, 2013 the State shall provide to the Defendant a transcript of the audio of the surveillance video.

12) The Defendant's request that the State supply the agreement page and the signature page not supplied with the background check dated April 1, 2011, that was supplied with the discovery, is denied, the State having represented that those arguably existent additional pages are not part of the copy of the background check in their possession.

13) The Defendant's motion for change of venue is denied pursuant to R.3:14-1 and 2.

14) The Defendant's motion that the search warrant in this matter be deemed invalid is denied, the State having met the necessary legal standard.

15) The State shall provide to the Defendant reasonable access to the computer and the iPhone seized from him by the State pursuant to the search warrant.

16) Pursuant to a separately issued Order this date, the Defendant is released on his own recognizance relative to this matter pursuant to pre-trial services, to include electronic monitoring and detailed bail conditions as more fully set forth in that separate Order.

FREDERICK J. SCHUCK, J.S.C.

RECEIVED AND FILED

_____ 01/13, 20 14

IN THE CRIMINAL DIVISION
SUPERIOR COURT CAMDEN COUNTY

SPECIAL DEPUTY CLERK

PREPARED BY THE COURT

**STATE OF NEW JERSEY**                          :

:

:

:

                                    Plaintiff(s)   :

:

**v.**                                            :   **SUPERIOR COURT OF NEW JERSEY**

:   **CAMDEN COUNTY CRIMINAL PART**

**BRUCE ARISTEO**                                 :   **INDICTMENT NO. 2454-08-13**

:

:   **ORDER**

:

                                    Defendant(s)

THIS MATTER having been brought before the Court on the application of the Defendant, Bruce Aristeo, who represents himself *pro se*;

And the State being represented by Assistant Prosecutor Tracy A. Cogan;

AND THE COURT having considered the submission of the Defendant, and the parties' arguments in Court on January 13, 2014;

AND for reasons set forth more fully on the record on that date, and good cause having been shown;

IT IS ON THIS 13TH DAY OF JANUARY, 2014, ORDERED AND ADJUDGED AS FOLLOWS:

1) As to the State's ongoing discovery obligation:
   a. The State shall produce any forensic reports to the Defendant forthwith upon its receipt of them from its expert.
   b. Respecting the Defendant's discovery requests, the State shall provide to the Defendant forthwith a written response indicating which items have been provided, and as to any not provided, whether the State contends that the item does not exist.

2) The Defendant's motion for the Court to reconsider its determination that the search warrant in this matter is valid, is denied.

3) As to the Defendant's application for the provision to him of certain free transcripts, this request already has been approved by the Court by correspondence dated December 19, 2013 and previously copied to the parties.

4) The Defendant's motion for the Court to reconsider its denial of the Defendant's motion for a change of venue, is denied.

5) As to the Defendant's request for a copy of the search warrant and accompanying papers, to the extent any exist in the Court records that have not yet been supplied, the request is granted pursuant to R.3:5-6(c) and R.3:13-3.

6) The Defendant's request to relax the bail condition prohibiting him from utilizing any internet and/or social media posting, including but not limited to You Tube, referencing the alleged victim in this matter, is denied. In the event the Defendant contends that he is unable to present a full and fair defense at the trial of this matter because of these restrictions, he may bring a further formal and detailed motion to the Court explaining the nature of and need for the specific relief he requests, for further consideration by the Court.

7) This matter is relisted for pre-trial conference for March 10, 2014.

FREDERICK J. SCHUCK, J.S.C.

TRUE COPY

Frederick J. Schuck, J.S.C.

2

RECEIVED AND FILED

_2/7_ , 20 _14_

PREPARED BY THE COURT

IN THE CRIMINAL DIVISION
SUPERIOR COURT CAMDEN COUNTY

**STATE OF NEW JERSEY**        :

:

:

:

SPECIAL DEPUTY CLERK

Plaintiff(s)      :

**v.**            :    **SUPERIOR COURT OF NEW JERSEY**

**CAMDEN COUNTY CRIMINAL PART**

**BRUCE ARISTEO**        :    **INDICTMENT NO. 2454-08-13**

:

:            **ORDER**

Defendant(s)

       **THE COURT** having ordered on January 13, 2014 that the Defendant is entitled to a copy of the search warrant and accompanying papers pursuant to R.3:5-6(c) and R.3:13-3;

       **AND THE COURT** having further ordered on January 28, 2014 that the sealed file that exists relative to Judge Snyder's determination as to the issuance of the search warrant of May 16, 2013, shall be unsealed and provided to this Court for an *in camera* review of its contents and appropriate distribution;

       **IT IS ON THIS 7TH DAY OF FEBRUARY, 2014, ORDERED AND ADJUDGED AS FOLLOWS:**

     1)   That the entire contents of that file shall be reproduced and distributed to the parties, which file consists of the following:

         a.   The "Affidavit for Search Warrant/Communications Data Warrant" of Investigator Christopher Auletto of the Camden County Prosecutor's Office dated May 16, 2013, and including Exhibits A, B, C and D.

         b.   The "Search Warrant/Communications Data Warrant" dated May 26, 2013.

         c.   Summary Report bearing a "report" date and "review" date of May 20, 2013.

     2)   These documents are hereby released to the Defendant, Bruce Aristeo, *pro se,* and Assistant Prosecutor Tracy A. Cogan, with the understanding that the documents provided and information contained therein is to be used only in the pending matter and may not be used in any other matter

or for any other purpose without further order of the Court, upon proper notice to the parties in this matter.

3) This information shall not be disclosed to any other person for any other reason, nor may it be disseminated or made public by any means, direct or indirect, without further order of the Court. Any use of these documents or the information contained therein for any purposes other than those set forth by the Court, shall be a violation of this Order and shall subject the violator to sanctions.

FREDERICK J. SCHUCK, J.S.C.

2

PREPARED BY THE COURT

**STATE OF NEW JERSEY**

IN THE CRIMINAL DIVISION
SUPERIOR COURT CAMDEN COUNTY

SPECIAL DEPUTY CLERK

                Plaintiff(s)

**v.**

: **SUPERIOR COURT OF NEW JERSEY**

: **CAMDEN COUNTY CRIMINAL PART**

**BRUCE ARISTEO**

: **INDICTMENT NO. 2454-08-13**

:

:            **ORDER**

                Defendant(s)

      **THIS MATTER** having been opened to the Court by the Defendant, Bruce Aristeo, who represents himself *pro se*, on March 10, 2014, by way of the motion of the Defendant to compel discovery and seeking other relief;

      **AND** the State being represented by Assistant Prosecutor Tracy A. Cogan;

      **AND THE COURT** having reviewed the submissions of the parties and having heard oral argument on the record, and for reasons set forth more fully on the record on March 10, 2014;

      **IT IS ON THIS 19**[TH] **DAY OF MARCH, 2014, ORDERED AND ADJUDGED AS FOLLOWS:**

1) The Defendant's motion to amend or vacate Paragraphs 6 and 7 of its Order of November 21, 2013, regarding the Defendant's request for Family Part records is denied.

    a. The Court reiterates that the Defendant's request for general access to the Family Part domestic violence records relative to the alleged victim in this matter is denied pursuant to R.1:38-3(d)9 and 10. The Court otherwise has granted Defendant copies of free transcripts of those domestic violence matters where he is a party.

    b. The Court reiterates that to the extent the Defendant otherwise seeks Family Part or other Court records he may seek that pursuant to R.1:38-10(a) from the Trial Court Administrator, and if denied, may seek review pursuant to R.1:38-10(b).

    c. The request by the Defendant for the Court to "unseal" these records pursuant to R.1:38-12 is denied, in that these records are not sealed.

    d. The Defendant's contentions that the denial of further access to these records constitutes a violation of the Defendant's confrontation clause rights under the 6TH Amendment of the United

States Constitution and that he is otherwise entitled to these records pursuant to Evidence Rules 405 and 406, is denied, for reasons set forth at length on the record.

e. The Defendant's motion to relax and modify Paragraph 6 of the Court's Order of January 13, 2014 regarding the bail condition prohibiting him from utilizing any internet and/or social media posting, including but not limited to YouTube, referencing the alleged victim in this matter is again denied. The Defendant has conceded that the condition does not inhibit his ability to prepare a defense, and there is no violation of his First Amendment rights as to freedom of speech or voicing grievances.

2) Regarding the Defendant's application with respect to the formatting of original video content provided in discovery by the State, the State shall provide such content in MOV format to the Defendant. This is intended to accommodate the stated intention of the Defendant to seek to reconstruct the website on which this content originally was posted, without placing it on the Internet, for the purposes of providing context to the State's video evidence against him. The Court is not now ruling on the admissibility at trial of any such evidence the Defendant is assembling.

3) With respect to the specific numbered discovery requests in the Defendant's motion, the following is ordered, by reference to the numbers the Defendant utilized:

a. (1) The State shall produce any forensic reports to the Defendant forthwith upon its receipt of them from its expert. Any other "open issues" regarding the January 13, 2014 motion and Order have been addressed above.

b. (2) This demand is addressed above relative to the MOV formatting.

c. (3) The request for a "transcript" of video evidence is denied.

d. (4) The State generally need not supply affidavits relative to the videos. (The State shall supply the names of any witnesses not yet provided relative to any "chain of custody" or foundation evidence necessary to seek to put the video content into evidence, as soon as reasonably possible in advance of trial.)

e. (5) The Defendant's demands for the State to characterize aspects of its evidence is denied as relating to legal argument and not a proper discovery request.

f. (6) The demand for the identification of certain internet entities is denied, the Defendant having made no showing, by affidavit, certification or otherwise, of any relevant basis for such information.

g. (7) (a and b) The detailed information about the exhibits is denied

2

absent a showing of a relevant basis.

h. (c) The demand for the State to explain the "relationship and purpose" relative to discovery is an improper discovery request and is denied.

i. (8) The Defendant's demand for materials accompanying Judge Snyder's issued Search Warrant already has been covered by this Court's Order of January 13, 2014, Paragraph 5, and the Court's follow-up Order providing those materials of February 7, 2014. The issue of whether the warrant was somehow entered into the Court's electronic record system is of no consequence, and the demand for information as to that is denied.

j. (9) The Defendant's demand for information accompanying the arrest warrant issued by Judge Trabosh is denied, those documents already having been provided in discovery. The balance of the request for further details regarding these materials is denied as without legal basis.

k. (10) The demand for forensic reports is addressed above.

l. (11) The demand for Investigator Christopher Auletto's credentials and case history is denied as without legal basis.

m. (12) The demand for certain police officer phone logs is denied, the Defendant having made no showing of a relevant legal basis for the demand, and considering that the State is not in possession of any such information.

n. (13) The demand for transcripts and records of any ex parte communications between Ms. Cogan and Judge Schuck is denied, no substantive such communications having occurred.

o. (14) The demand for copies of new screen shots for website pages that are not already provided in discovery is denied, the State having provided all such discovery that supports the allegations in the indictment.

p. (15) The State already having supplied unsigned copies of the reports of Investigator Auletto, the State shall now supply forthwith signed copies of his reports. The demand otherwise for signed reports is denied as already having been provided.

q. (16) The demand for color copies of the arrest warrant already has been denied by Order of the Court, January 21, 2014, the Court having viewed the black and white copy of the document and finding it to be clearly legible for the purposes of hand-writing analysis or otherwise.

r. (17) The demand for a daily Court reporter is denied, the Defendant having made no showing as to the need for the Court to depart from its ordinary utilization of the Court Smart system.

3

s.  (18) The demand for prompt transcripts of every hearing in this matter is denied absent a more specific showing of a particular need.

t.  (19) The demand for daily transcripts of the trial is denied absent a more specific showing of a particular need.

u.  (20) The demand that the Defendant be provided due process is not a proper discovery request, but the Defendant shall be provided all of his constitutional rights throughout these proceedings.

v.  (21) The Court has advised the Defendant on the record in open court that the Court indeed twice has taken the oath of judicial office.  The Defendant is referred to the Trial Court Administrator for copies of any judicial records pursuant to R.1:38-10(a).

w.  (22) Regarding the demand for proposed jury instructions, pursuant to R.1:8-7(b), before closing arguments, at the charge conference, proposed jury instructions are due from both parties.

x.  (23) The demand for information regarding this Court's judicial experience is denied as not being a proper discovery request.

y.  (24) The demand for details as to the experience of Asst. Prosecutor Tracy A. Cogan is denied as not being a proper discovery request.

z.  (25) The Defendant's demand that all discovery be sent to him by both regular and electronic mail is denied in the face of the State's preference to send it all by first class mail.

aa. (26) The demand that the jury be advised of certain hardships the Defendant has endured in connection with this litigation is denied as irrelevant.

4)  The Defendant's demand that media coverage of the trial be allowed is denied as presented here.  The media have the presumptive right to be present at the trial and to record the proceedings, pursuant to Court guidelines, by way of an application to the assignment judge.

5)  As to the Defendant's demand for the pre-trial return of seized property, given that this prosecution is still pending, a motion for the return of non-contraband seized as evidence is premature.  See NJSA 2C:64-4(a); State v. Cataldo, 294 NJ Super 527, 538-39 (L.D. 1996).

6)  The Defendant's application for sanctions against the State is denied for reasons set forth at length on the record.

7)  The motion to dismiss based on alleged discovery deficiencies, and the balance of the applications of the Defendant not otherwise specifically addressed herein, are denied.

FREDERICK J. SCHUCK, J.S.C.

4

PREPARED BY THE COURT

RECEIVED AND FILED

5/28, 2014

IN THE CRIMINAL DIVISION
SUPERIOR COURT CAMDEN COUNTY

SPECIAL DEPUTY CLERK

**STATE OF NEW JERSEY**                     :

:

:

:

Plaintiff(s)                  :

:

v.                                              :   **SUPERIOR COURT OF NEW JERSEY**

**CAMDEN COUNTY CRIMINAL PART**

**BRUCE ARISTEO**                            :   **INDICTMENT NO. 2454-08-13**

:

:                     **ORDER**

Defendant(s)

---

**THIS MATTER** having been opened to the Court by the Defendant, Bruce Aristeo, who represents himself *pro se*, on May 28, 2014, by way of the motion of the Defendant for modification of bail conditions, free transcripts of certain Court proceedings and transcripts of the audio portion of video evidence;

**AND** the State being represented by Assistant Prosecutor David E. Deitz;

**AND THE COURT** having reviewed the submissions of the parties and having heard oral argument on the record, and for reasons set forth more fully on the record on May 28, 2014;

**IT IS ON THIS 28TH DAY OF MAY, 2014, ORDERED AND ADJUDGED AS FOLLOWS:**

1) The application of the Defendant for modification of the bail order or conditions of bail is denied.

2) The application of the Defendant for the provision of certain transcripts of various Court proceedings at public expense is granted as follows:

| | | | |
|---|---|---|---|
| a. | August 5, 2011 | Trial | Lee B. Laskin, J.S.C. |
| b. | August 9, 2011 | Trial | Lee B. Laskin, J.S.C. |
| c. | August 10, 2011 | Trial | Lee B. Laskin, J.S.C. |
| d. | July 10, 2012 | Trial | Anthony M. Pugliese, J.S.C. |
| e. | February 8, 2013 | Motion | Nan S. Famular, J.S.C. |
| f. | January 13, 2014 | Motion | Frederick J. Schuck, J.S.C. |
| g. | March 10, 2014 | Motion | Frederick J. Schuck, J.S.C. |

The fact that the Court has ordered provision to the Defendant of certain transcripts does not constitute a ruling by the Court that all or any of this evidence shall be admissible at trial.

3) The Defendant's application for the provision of transcripts at public expense of the audio portion of certain video evidence that the State has provided to the Defendant in discovery, including the video files converted to .mov format, is denied.

4) By agreement the State shall supply to the Defendant forthwith a color photo copy of the original arrest warrant in this matter.

5) The balance of any arguable additional requests for relief mentioned by the Defendant within his submissions to the Court is denied as being without legal basis for relief.

FREDERICK J. SCHUCK, J.S.C.

2

PREPARED BY THE COURT

**STATE OF NEW JERSEY**                   :
                                          :

                          Plaintiff(s)         :

    v.                               :    **SUPERIOR COURT OF NEW JERSEY**

                                           **CAMDEN COUNTY CRIMINAL PART**

**BRUCE ARISTEO**                   :    **INDICTMENT NO. 2454-08-13**

                                          :

                                          :            **ORDER**

                    Defendant(s)        :

**THIS MATTER** having been opened to the Court by the Defendant, Bruce Aristeo, who represents himself *pro se*, by way of "Emergency Notice of Motion for Protective Order" on June 4, 2014;

**AND** the State being represented by Assistant Prosecutor David E. Deitz, who responded by letter of June 4, 2014;

**AND THE COURT** having reviewed the submissions of the parties, and for reasons set forth more fully in my letter directed to the Defendant of June 5, 2014;

**IT IS ON THIS 5**[TH] **DAY OF JUNE, 2014, ORDERED AND ADJUDGED AS FOLLOWS:**

    1) The application of the Defendant for a Protective Order is denied.

_Frederick J. Schuck_

FREDERICK J. SCHUCK, J.S.C.

RECEIVED AND FILED

_06/05_ , 20 _14_

IN THE CRIMINAL DIVISION
SUPERIOR COURT CAMDEN COUNTY

SPECIAL DEPUTY CLERK

PREPARED BY THE COURT

**STATE OF NEW JERSEY**

              Plaintiff(s)

**v.**

**BRUCE ARISTEO**

              Defendant(s)

:
:
:
:
:
:
:
:
:
:

*RECEIVED AND FILED*

*July 25, 2014*

*IN THE CRIMINAL DIVISION*
*SUPERIOR COURT CAMDEN COUNTY*

*J. Gaines*
*SPECIAL DEPUTY CLERK*

**SUPERIOR COURT OF NEW JERSEY**

**CAMDEN COUNTY CRIMINAL PART**

**INDICTMENT NO. 2454-08-13**

**ORDER**

      **THIS MATTER** having been opened to the Court on the Court's own motion in the course of the Pretrial Conference conducted on the record on July 23, 2014;

      **AND** the Defendant, Bruce Aristeo, representing himself *pro se;*

      **AND** the State being represented by Assistant Prosecutor David E. Deitz;

      **AND THE COURT** having considered the matter, and for the reasons set forth on the record on July 23, 2014, and for good cause having been shown;

      **IT IS ON THIS 23RD DAY OF JULY, 2014, ORDERED AND ADJUDGED AS FOLLOWS:**

1) The State shall supply to the Defendant its forensic or expert reports by August 8, 2014.

2) The State shall provide to the Defendant the "cloned" hard-drive of the Defendant's computer by August 15, 2014.

3) The State shall report to the Court and to the Defendant by July 25, 2014 as to whether the State intends to use the Defendant's iPhone, or any data retrieved therefrom, as evidence in the prosecution of this case.

4) The State shall forthwith prepare and submit to YouTube/Google a subpoena relative to the Defendant's U.R.L., requesting the following:

    a. Two copies of any publicly accessible videos on this account as of May 17, 2013.

    b. Each copy must be provided on a separate D.V.D. or C.D.

    c. Each copy must be provided in its original uploaded format, size and quality.

FREDERICK J. SCHUCK, J.S.C.

RECEIVED AND FILED
9/2 20 14
IN THE CRIMINAL DIVISION
SUPERIOR COURT CAMDEN COUNTY
SPECIAL DEPUTY CLERK

| | |
|---|---|
| STATE OF NEW JERSEY<br>Plaintiff,<br>v.<br>Bruce Aristeo<br>Defendant. (pro se) | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION-CRIMINAL PART<br>**Indictment 2454-08-13**<br>**ORDER** |

**THIS MATTER**, having come before the Court by way of Pretrial Conference on July 23, 2014, at which time Defendant renewed a request ~~the Court by Motion~~ for copies of any publicly accessible videos relative to certain ~~the defendant's~~ U.R.L. accounts registered with YouTube ~~from the defendant, Bruce Aristeo, *pro se*,~~ and the State being represented by Assistant Camden County Prosecutor David E. Deitz, Esquire ~~by Brad Wertheimer, Esquire, attorney for defendant, Robert Daniels and the State being represented by Assistant Prosecutor David E. Deitz, Esq.~~; DJA 9-2-14

**AND FURTHER**, having heard arguments and considered the same in open Court on July 23, 2014;

**IT IS ORDERED**, that on this 2nd day of September **2014**, that the Defendant's application at the Pretrial Conference ~~Motion~~ to Obtain Copies of Publicly Accessible Videos relative to his U.R.L. accounts registered with Youtube is **GRANTED.** DJA 9-2-14

**ACCORDINGLY,** it is **ORDERED** that You Tube (You Tube Recovery Department) provide two copies of any publicly accessible videos relating to U.R.L. http://www.youtube..com/user/TheMonkeyCom under username Jody Raines MonkeyCom from creation date April 16, 2013 to May 17, 2013. Each copy shall be provided on a separate CD or DVD and shall be in its original uploaded format, size and quality.

**IT IS FURTHER ORDERED,** that You Tube (You Tube Recovery Department)

provide two copies of any publicly accessible videos relating to U.R.L.

http://www.youtube.com/user/BandAidJustice under username BandAidJustice

from creation date November 5, 2012 to May 17, 2013.  Each copy shall be

provided on a separate CD or DVD and shall be in its original uploaded format,

size and quality.


The Hon. Frederick J. Schuck, J.S.C

PREPARED BY THE COURT

STATE OF NEW JERSEY

                     Plaintiff(s)

v.

BRUCE ARISTEO

                     Defendant(s)

SUPERIOR COURT OF NEW JERSEY

CAMDEN COUNTY CRIMINAL PART

INDICTMENT NO. 2454-08-13

ORDER

**THIS MATTER** having been opened to the Court by the Defendant, Bruce Aristeo, who represents himself *pro se*, on November 20, 2014, by way of the motion of the Defendant to compel discovery and seeking other relief;

**AND** the State being represented by Assistant Prosecutors Tracy A. Cogan and David E. Deitz;

**AND THE COURT** having reviewed the submissions of the parties and having heard oral argument on the record, and for reasons set forth more fully on the record on November 20, 2014;

**IT IS ON THIS 21ST DAY OF NOVEMBER, 2014, ORDERED AND ADJUDGED AS FOLLOWS:**

1) Based upon a *sua sponte* review by the Court with the parties as to the status of the State's compliance with the Court's prior orders, and related matters,

   a. And the Court having determined that the State has supplied its final and interim forensic reports in paper form, and having supplied on Blue Ray disc the final forensic reports but not the interim forensic reports, the State shall supply the interim forensic report on Blue Ray disc by December 19, 2014.

   b. The State must supply to the Defendant by December 19, 2014, any data retrieved from the Defendant's iPhone, or thereafter be barred from the use of such evidence at trial.

   c. In light of the fact that the State now has supplied to the Defendant copies of all of the videos that they have seized relative to this matter, on discs, at least twice, in both the .mov format as requested by the Defendant, and more recently in the common .wmv format; and the Defendant having conceded that he has received these videos and he is capable of viewing them; and in the absence of any specific showing from the Defendant that the State has destroyed any specific evidence or any aspect of the evidence, or destroyed any specific impeaching evidence; and in that the

Defendant is free to attack the State's evidence by cross-examination or otherwise, and to present his own evidence, if he should choose, including the presentation of witnesses, including expert witnesses; the Defendant's motion to dismiss the Indictment on the theory that it has altered or destroyed evidence, has prevented him from preparing his defense, or committed a <u>Brady v. Maryland</u> violation is denied.

   **d.** The Court having determined that in response to the Defendant's discovery request regarding internal affairs documents in the hands of the Camden County Prosecutor's Office relative to this matter, the State has supplied a copy of its entire internal affairs file on this matter to the Defendant, thereby fulfilling this request and obviating the need for any *in camera* review by the Court.

**2)** The Defendant having represented to the Court that his second proposed order in connection with the motions before the Court does set forth all of the relief he seeks pursuant to these motions, the following is ordered, by reference to the numbers the Defendant utilized in his form of order:

   **a.** (1) The State having provided all reports made by Detective Auletto, Detective Snyder not having written any reports, and there existing no notes from either gentleman relative to this matter, this application is denied.

   **b.** (2) The indictment setting forth specifically the charge against the Defendant pursuant to N.J.S.A. 2C: 12-10c (the "stalking" statute), N.J.S.A. 2C: 12-10 defining the terms utilized in the statute, the indictment setting forth the range of dates of the allegedly offending conduct of the Defendant and the municipality and county in which the conduct is alleged to have occurred, the State having supplied the Defendant complete copies of all of the videos that it has gathered as evidence and will draw upon in the presentation of its case at trial, and the Court hereafter ordering that the State must limit and specify the particular videos it intends to utilize at trial, it is not the case that under R.3:7-5, the indictment is not sufficiently specific to enable the Defendant to prepare a defense, and the Defendant's application for a more definite statement is denied.

   **c.** (3 and 4) Detectives Auletto and Snyder not being offered by the State as expert witnesses, and there being no legal basis otherwise to compel disclosure of the training materials and methodologies used by Detectives Auletto and Snyder relative to the investigation of this case as otherwise described by the Defendant, the Defendant's application in this regard is denied.

   **d.** (5) The Defendant's request for the Detectives' on-duty performance reports is without legal basis and is denied.

   **e.** (6) The Defendant's request for legislative materials and legal authority relative to "indefinite Temporary Restraining Order[s]" is without legal basis and is denied.

2

**f.** (7) The State already having provided all of the data it has retrieved from YouTube to the Defendant, and not otherwise being in possession of materials that may be in the hands of YouTube, the Defendant's application regarding these materials is without legal basis and is denied.

**g.** (8) The Defendant having requested reference to specific videos that make certain specified allegations; and the State having already responded and specified such videos, as amplified by the Court's own review and recitation on the record of videos facially speaking to the points raised by the Defendant; the Defendant's application in this regard is denied.

**h.** (9) The Court already has addressed the matter of the State supplying information relative to forensic reports and the Defendant's iPhone by way of paragraph one above. The State also already has supplied copies of the NJRCFL Return to Agency Evidence Reports. Accordingly, the Defendant's application in this regard is denied.

**i.** (10) The Defendant's request for an "independent investigation" pursuant to R.3:13-3(b)(1)(E) is denied, that rule not providing for the ordering of independent investigations, there being no legal basis to request such an investigation, and the Defendant being entitled to perform his own investigation.

**j.** (11 and 16) The State having invited the Defendant to the Camden County Prosecutor's Office to review the discovery in this matter, utilizing any equipment there necessary to do so, and the Defendant having declined this offer by letter of September 24, 2014, his request in this regard is denied. Further, there is no legal basis for the Defendant's specific request that he be provided a "dedicated internet line" at the Prosecutor's Office, given that he otherwise has internet access.

**k.** (12) Regarding the Defendant's request for relaxation of the restrictions on his communications and speech regarding certain aspects of this matter, this issue already has been addressed by this Court by way of the bail order of November 21, 2013, the order of January 13, 2014, paragraph 6, and by order of March 19, 2014, paragraph 1(e). There are no changed circumstances and there is no demonstrated need for a more definite statement by the Court as to this, and accordingly this application is without legal basis and is denied.

**l.** (13) There being no change of circumstances since this Court's order of June 5, 2014 and opinion letter of that same date, the Defendant's application for modification of that order is without legal basis and is denied.

**m.** (14) As to the Defendant's request for the return of the property seized by the State, and in light of the State's agreement to return all property not the subject of forfeiture upon completion of the case, the present application is premature. See N.J.S.A. 2C: 64-4(a), State v. Cataldo, 294 N.J. Super 527, 538-539 (L.D. 1996), and this Court's order on this issue

3

of March 19, 2014, paragraph 5.

    **n.** (15) The State already having provided to the Defendant its entire internal affairs file relative to this matter as discussed in paragraph (1) d above, the Defendant's request is otherwise without legal basis and is denied.

**3)** The Defendant having raised in Court the concern that certain copies of either photographs or screen shots that he had received in discovery are very dark and difficult to review, the Defendant may schedule an appointment at the Prosecutor's Office forthwith to review with the detective the items of discovery he contends are defective.  The State shall undertake in good faith to provide a higher quality copy if possible, provided its originals are of superior quality and lend themselves to doing so.

**4)** The Court observing that the Defendant has asserted that his proposed modified form of order reviewed thoroughly above, sets forth all of the relief he seeks relative to the present motion, the Court determines therefore that his other claims, assertions and requests set forth in his briefs are without legal basis and are denied.

**5)** The Defendant's further application in Court for color copies, beyond those already supplied, of additional documents, without a showing of a more particular need, is denied as without legal basis.

**6)** The State shall forthwith determine whether it has obtained any emails relevant to this matter from the computer of the alleged victim, and if so, shall supply copies of them to the Defendant by December 19, 2014.

**7)** This matter is rescheduled to January 27, 2015, 9:00 A.M., for the pre-trial conference of this matter, and to conduct an Evidence Rule 104 Hearing regarding the admissibility of the video or electronically based evidence the State seeks to admit at the trial of this matter.  The State shall identify a limited number of videos from the total quantity of video evidence it has gathered as that which it shall present at trial.

    **a.** The State shall not be foreclosed from offering other video evidence not then identified by way of rebuttal evidence, if appropriate, nor shall the State be required to offer at trial all of the videos identified at the Evidence Rule 104 Hearing.

    **b.** At the same time, the Defendant shall be permitted to present to the Court video or electronically based evidence that he seeks to offer at the trial, for a ruling on admissibility, but is not compelled to do so.

    **c.** The Court reserves the right to readdress any preliminary evidentiary rulings at trial based on the feel of the case.

FREDERICK J. SCHUCK, J.S.C.

4

# EXHIBIT O

camdencountywomenscenter.org



*Camden County Women's Center*

Home | About Us | Get Informed | Get Help | Get Involved | Wall of Pledges | Dessert Night 2014 | Resources

Community Partners | Contact Us | Sitemap

Camden County Women's Center

Search this site



In One Year

Camden County Women's Center in OneYear

**The Camden County Women's Center** (CCWC) is under the umbrella of NJAC, a private 501 (c) 3 organization. CCWC is dedicated to assisting survivors of domestic violence build violence-free lives, and to reduce domestic violence through community education initiatives.

Services are provided to residents of Camden County without regard to race, ethnicity, sexual orientation, age, gender, color, creed, or disability.

All services are free and confidential. Call or recommend our hotline to someone in need and begin the healing process.

